IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SARAH TONEY on behalf of herself and others similarly situated, | ) ) | |
| Plaintiff, | ) | Case No. 1:13-cv-42 |
| | ) | |
| v. | ) | |
| | ) | |
| QUALITY RESOURCES, INC., STOMPEEZ, SYNERGY, LTD., LEISURE TIME SAVINGS, and DIRECT DISCOUNT CLUB, | ) ) ) | Jury Demanded |
| Defendants. | ) | |

**CLASS ACTION COMPLAINT**

1. Plaintiff Sarah Toney ("Plaintiff") brings this putative class action against the defendants to secure redress for their violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy . . . ." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227). Specifically, in enacting the TCPA, Congress outlawed telemarketing via unsolicited automated telephone calls, finding:

> Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
> . . . .
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call . . . , is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

1

*Id.* § 2(10) and (12).

3. The Defendants have engaged in an impermissible advertising campaign for their services.

## JURISDICTION AND VENUE

4. The Court has federal question jurisdiction over the TCPA claims. *Mims v. Arrow Financial Services, LLC,* 132 S.Ct. 740 (2012).

5. Venue is proper because a substantial portion of the events complained of occurred in this District.

## PARTIES

6. Plaintiff is an individual who currently resides the Northern District of Illinois.

7. Quality Resources, Inc. is a telemarketing company based in Clearwater, Florida.

8. Stompeez is a company that sells children's slippers. Its website lists an address of 10303 Norris Ave., Pacoima, California. Upon information and belief, Stompeez has its headquarters and distribution warehouse at or near that address.

9. Upon information and belief, Synergy, Ltd. is a Maltese company based in Malta, that has a post office box in Great Falls, Montana. It owns and/or operates Leisure Time Savings and Direct Discount Club.

## FACTS

10. On or about December 8, 2012, plaintiff ordered three pairs of Stompeez children's slippers. They were to be Christmas presents. She made the order via the Internet website, Stompeez.com. She entered her shipping information and email.

11. The web order form Ms. Toney filled out also had a section that required her to provide her telephone number. The form specified that the phone number was being provided "for questions about order."

12. Ms. Toney did not consent to receive telemarketing calls advertising other Stompeez services, or any other services, including Direct Discount Club or Leisure Time Savings.

### The Unsolicited Telemarketing Calls to Ms. Toney

13. On or about December 10, 2012, the Plaintiff received three telephone calls on her cellular telephone. The caller ID for the calls was (866) 379-2003.

14. On or about December 11, 2012, the Plaintiff received another telephone call from (866) 379-2003.

15. The December 11, 2012 calls Ms. Toney, when answered, started with a distinctive click and pause prior to someone being on the line, indicating it came from an automatic dialer that dialed plaintiff's phone number and routed the call to a sales agent when plaintiff answered. The sales agent told plaintiff during this call that she had not dialed the call, and that it had been dialed for her.

16. Upon information and belief, the call was dialed by an automatic telephone dialing system.

17. The individual on the other end of the line advertised online shopping clubs Direct Discount Club and Leisure Time Savings.

18. Upon information and belief, Quality Resources, Inc. made the above-mentioned calls as part of a combined and concerted telemarketing effort developed and implemented by

it, Stompeez, Synergy, Ltd., Direct Discount Club and Leisure Time Savings. The calls were made on behalf of, and at the direction of all defendants.

19. When one calls (866) 379-2003, there is a prerecorded message that refers the caller to 866-434-6600.

20. When one calls 866-434-6600, Quality Resources, Inc. answers the line. Quality Resources is a telemarketing company.

21. There may have been other calls, too, of which plaintiff is not currently aware.

## THE LEGAL BASIS OF THE CLAIMS

22. The claims of the Plaintiff, and the class of persons she seeks to represent, arise pursuant to the provisions of the TCPA, a federal statute enacted to prohibit unreasonable invasions of privacy via certain telemarketing practices.

***The TCPA explicitly prohibits telemarketing calls made using an automated dialing system***

23. The TCPA has clear restrictions with respect to the use of automated telephone equipment, stating, "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system to any telephone number assigned to a...cellular telephone service." 47 U.S.C. § 227(b)(1)(a)(iii).

***The TCPA prohibits telemarketing calls made to persons
and entities listed on the Do Not Call Registry***

24. In 1995, under its authority to adopt rules prohibiting abusive and deceptive telemarketing acts or practices pursuant to the Telemarketing Act, 15 U.S.C. §§ 6101-6108, the FTC adopted the Telemarketing Sales Rule, 16 C.F.R. § 310, which was later amended in 2003.

4

Among other things, the amended TSR established a "Do Not Call Registry." The Registry lists the telephone numbers of consumers who have informed the FTC that they do not wish to receive certain types of telemarketing calls.

25. The TCPA prohibits persons or entities from initiating telephone solicitations to registered telephone subscribers. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c). A person whose number is on the Registry, and who has received more than one telephone call within any 12 month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

26. The law contains a safe harbor provision that exempts from liability a person or entity making telephone solicitations (or on whose behalf telephone solicitations are made) who has obtained the subscriber's prior express invitation or permission to make the call. 47 C.F.R. § 64.1200(c)(2)(ii).

27. Such permission must be evidenced by a signed, written agreement between the consumer and seller that states the consumer agrees to be contacted by this seller, and includes the telephone number to which the calls may be placed. 47 C.F.R. § 64.1200(c)(2)(ii).

## CLASS ALLEGATIONS

28. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of all other persons or entities similarly situated throughout the United States.

29. The class of persons represented by Plaintiff with respect to Count One is tentatively defined as:

> All persons or entities within the United States whose phone numbers were registered on the national Do Not Registry, and who, within the four years prior

to the filing of the initial Complaint, received more than one telemarketing call within any twelve-month period of time from, or on behalf of, any Defendant, where the purpose of the call was to promote goods or services.

30. The class of persons represented by Plaintiff with respect to Count Three is tentatively defined as:

All persons within the United States who the Defendants, or an entity or entities acting on their behalf, caused to be initiated telemarketing calls to cell phone telephone numbers, at any time within the four years prior to the filing of the instant Complaint, where the purpose of the call included anything other than "for questions about orders," (e.g. telemarketing).

31. The classes as defined above are identifiable by phone records and phone number databases, employed by the Defendants, or their agents, in transmitting their telemarketing calls. On information and belief, the potential class members constitute a class so numerous that joinder of all class members is impracticable.

32. The Plaintiff is a member of the classes defined above.

33. Plaintiff's claims are typical of the claims of the classes.

34. Plaintiff is an adequate representative of the classes because her interests do not conflict with the interests of the class, she will fairly and adequately protect the interests of the class, and she is represented by counsel skilled and experienced in class actions.

35. The actions of the Defendants are generally applicable to the class as a whole and to Plaintiff.

36. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

    a. Whether the Defendants violated the TCPA by engaging in advertising through unsolicited telemarketing calls;

6

    b. Whether the Defendants used an automatic telephone dialing system as those terms are defined in the TCPA and applicable FCC regulations and orders;

    c. Whether the Plaintiff and the members of the class are entitled to statutory damages as a result of the Defendants actions.

37. Common questions of law and fact predominate over questions affecting only individual members of the class and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

38. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation, and because many are likely unaware that their rights have been violated.

39. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

40. Plaintiff is capable of and is willing to represent the other members of the class.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF 47 U.S.C. § 227(c)

41. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

42. The TCPA prohibits persons or entities from initiating telephone solicitations to registered telephone subscribers of the Federal Do Not Call Registry.

43. Any person whose number is on the Registry, and who has received more than one telephone call within any 12 month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages.

44. The Plaintiff alleges the Defendants engaged in telemarketing in violation of the TCPA's Do Not Call Registry prohibition.

45. The Plaintiff alleges that such violations of the TCPA were either willful or negligent.

46. Plaintiff and the class are entitled to have their right, status and legal relations relating to the Defendants' telemarketing to members of the Do Not Call registry under the TCPA.

### COUNT II – VIOLATION OF 47 U.S.C. § 227(b)

47. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

48. It is a violation of 47 U.S.C. § 227(b) to call a person's cellular telephone using an automatic telephone dialing system.

49. Defendants called plaintiff's cellular telephone number on multiple occasions using an automatic telephone dialing system.

50. The Plaintiff alleges that such violations of the TCPA were either willful or negligent.

51. Plaintiff and the class are entitled to have their right, status and legal relations relating to the Defendants' telemarketing using automated dialing equipment under the TCPA.

## COUNT III -- INJUNCTIVE RELIEF
## TO BAR FUTURE TCPA VIOLATIONS

52. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

53. The TCPA expressly authorizes injunctive relief to prevent further violations of the TCPA. 47 U.S.C. §§227(b)(3); 227(c)(5).

54. The Plaintiff, acting on behalf of the Class, respectfully petitions this Court to order all Defendants, including but not limited to their employees, executives, agents or other affiliates, to immediately cease engaging in unsolicited telemarketing and improper robocalls in violation of the TCPA.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of herself and the class and against the Defendant that provides the following relief:

a) As to Count I statutory damages of up to $500 per violation, and up to $1,500 per violation if proven to be willful or knowing; as to Count II statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful or knowing;

b) A declaration that defendants violated the TCPA;

c) A permanent injunction prohibiting the Defendants, including but not limited to, their employees, agents or other affiliates, to immediately cease engaging in unsolicited telemarketing in violation of the TCPA; and

d) Any other relief the Court finds just and proper.

Respectfully submitted,

/s/ Alexander H. Burke
Alexander H. Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Phone: (312) 729-5288
aburke@burkelawllc.com

Anthony I. Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA 02110
(508) 221-1510
anthony@broderick-law.com
*Of Counsel*

## JURY DEMAND

The Plaintiff demands a trial by jury.

/s/ Alexander H. Burke
Alexander H. Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Phone: (312) 729-5288
aburke@burkelawllc.com

Anthony I. Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA 02110
(508) 221-1510
anthony@broderick-law.com
*Of Counsel*

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the Defendants take affirmative steps to preserve all recordings, data, emails, documents and all other tangible things that relate to the Plaintiff or the putative class members, or the sending of emails or making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff or the putative class members, and any account or number or symbol relating to any of them.  These materials are likely relevant to the litigation of this claim.  If Defendants are aware of any third party that has possession, custody or control of any such materials, Plaintiff demands that the Defendants request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the Defendants.

/s/ Alexander H. Burke