IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SARAH TONEY on behalf of herself and others similarly situated, | ) ) | |
| Plaintiff, | ) ) | Case No. 1:13-cv-42 |
| v. | ) ) | Judge Grady |
| QUALITY RESOURCES, INC., STOMPEEZ, and PROVELL, INC. D/B/A BUDGET SAVERS | ) ) ) | Jury Demanded |
| Defendants. | ) | |

**FIRST AMENDED CLASS ACTION COMPLAINT**

1. Plaintiff Sarah Toney ("Plaintiff") brings this putative class action against the defendants to secure redress for their violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy . . . ." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227). Specifically, in enacting the TCPA, Congress outlawed telemarketing via unsolicited automated telephone calls, finding:

> Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
> . . . .
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call . . . , is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

1

*Id.* § 2(10) and (12).

3. The Defendants have engaged in an impermissible advertising campaign to persons who are on the National Do Not Call Registry; such campaign also includes calls using an automatic telephone dialing system and/or prerecorded voice, to cell phones.

**JURISDICTION AND VENUE**

4. The Court has federal question jurisdiction over the TCPA claims. *Mims v. Arrow Financial Services, LLC,* 132 S.Ct. 740 (2012).

5. Venue is proper because a substantial portion of the events complained of occurred in this District.

**PARTIES**

6. Plaintiff is an individual who currently resides the Northern District of Illinois. Plaintiff's cell phone number is on the National Do Not Call Registry, and has been on the Registry since May 2009.

7. Quality Resources, Inc. ("Quality") is a telemarketing company based in Clearwater, Florida.

8. Stompeez is a company that sells children's slippers. Its website lists an address of 10303 Norris Ave., Pacoima, California. Upon information and belief, Stompeez has its headquarters and distribution warehouse at or near that address.

9. Provell, Inc. d/b/a Budget Savers ("Budget Savers") is a Minnesota corporation located at 855 Village Center Drive, Suite 116 in North Oaks, MN 55127.

10. Quality, Stompeez and Provell, Inc. are separate legal entities, and are not under common ownership, are not affiliates.

**FACTS**

11. On or about December 8, 2012, plaintiff ordered three pairs of Stompeez children's slippers. They were to be Christmas presents for relatives. She made the order via the Internet website, Stompeez.com. She entered her shipping information and email.

12. The web order form Ms. Toney filled out also had a section that required her to provide her telephone number. The form specified that the phone number was being provided "for questions about order."

13. On or about December 10, 2012, the Plaintiff received three telephone calls on her cellular telephone. The caller ID for the calls was (866) 379-2003. All three of these calls were made by Quality.

14. On or about December 11, 2012, the Plaintiff received another telephone call from (866) 379-2003. This call was also made by Quality.

15. The individual on the other end of the line told plaintiff that he was contracted by Stompeez to verify her address. The Quality representative then began trying to sell plaintiff goods and/or services. Upon information and belief, based upon the representations of defense counsel, the goods and services that were being sold were those of Budget Savers and its clients.

16. Quality has an agreement with Stompeez that allows Quality to call Stompeez customers for the purpose of telemarketing the good or services of other Quality clients.

17. The business model of Quality to "upsell" consumers products that they have no connection to, is disclosed to and approved by Stompeez. As the company whose products and services are being sold, Budget Savers and its clients reap the benefit of these sales calls.

18.     Ms. Toney did not consent to receive the calls that are the subject of this lawsuit. Ms. Toney was also not explicitly informed that her information was going to be shared with marketing companies that would attempt to sell her good or services through telemarketing.

19.     The calls, when answered, started with a distinctive click and pause prior to someone being on the line, indicating that they were coming from a predictive dialer. Upon information and belief, this call was dialed by a machine rather than by a human being.

20.     The calls to Ms. Toney were made using an automatic telephone dialing system.

21.     Defendants intended to make the calls that are the subject of this lawsuit. 47 U.S.C. §312(f)(1). The calls were made pursuant to a common policy, practice or procedure, that was developed with the purpose of selling goods and services, including telephone numbers that are on the National Do Not Call Registry, through use of an automated telephone system.

22.     Plaintiff and the class all suffered the same injury in that their privacy rights were improperly and illegally invaded by defendants' improper automated telemarketing calls.

## THE LEGAL BASIS OF THE CLAIMS

23.     The claims of the Plaintiff, and the class of persons she seeks to represent, arise pursuant to the provisions of the TCPA, a federal statute enacted to prohibit unreasonable invasions of privacy via certain telemarketing practices.

*The TCPA explicitly prohibits telemarketing calls made using an automated dialing system*

24.     The TCPA has clear restrictions with respect to the use of automated telephone equipment, stating, "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the

4

called party) using any automatic telephone dialing system to any telephone number assigned to a…cellular telephone service." 47 U.S.C. § 227(b)(1)(a)(iii).

25. Prior express consent does not exist unless, prior to the placement of the call, the called party has:

(a) clearly stated that the telemarketer may call, and

(b) clearly expressed an understanding that the telemarketer's subsequent call will be made for the purpose of encouraging the purchase of goods or services.

*See In The Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 F.C.C.R. 1830 at para. 7 (FCC 2012), quoting *In The Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 10 F.C.C.R. 12391, 12396, para. 11 (FCC 1995). Asking for consent to market goods and services during the pendency of a call that has already been made is not permissible. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14,014, 14,095-14,097; ¶136-142 (July 3, 2003).

### *The TCPA prohibits telemarketing calls made to persons and entities listed on the Do Not Call Registry*

26. In 1995, under its authority to adopt rules prohibiting abusive and deceptive telemarketing acts or practices pursuant to the Telemarketing Act, 15 U.S.C. §§ 6101-6108, the FTC adopted the Telemarketing Sales Rule, 16 C.F.R. § 310, which was later amended in 2003. Among other things, the amended TSR established a "Do Not Call Registry." The Registry lists the telephone numbers of consumers who have informed the FTC that they do not wish to receive certain types of telemarketing calls.

27. The TCPA prohibits persons or entities from initiating telephone solicitations to registered telephone subscribers. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c). A person whose number is on the Registry, and who has received more than one telephone call within any 12 month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

28. The law contains a safe harbor provision that exempts from liability a person or entity making telephone solicitations (or on whose behalf telephone solicitations are made) who has obtained the subscriber's prior express invitation or permission to make the call. 47 C.F.R. § 64.1200(c)(2)(ii).

29. Such permission must be evidenced by a signed, written agreement between the consumer and seller that states the consumer agrees to be contacted by this seller, and includes the telephone number to which the calls may be placed. 47 C.F.R. § 64.1200(c)(2)(ii).

30. The rules promulgated by the FCC are distinct from those promulgated by the FTC. Companies are charged with complying with *both* sets of regulations and statutes, including the FCC's TCPA, 47 C.F.R. §64.1200 *et seq*, and the FTC's Telemarketing Sales Rule, 16 C.F.R.§310.1 *et seq.*

31. Calls that have more than one purpose, so-called "dual purpose calls" under the FCC rules, regulations and orders, are impermissible if one purpose of the call is telemarketing. *Chsebro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14,014, 14,095-14,097; ¶136-142 (July 3, 2003); see also *In re Rules and Regulations*

6

*Implementing the Telephone Consumer Protection Act, Ruling on Petition of SoundBite Communications, Inc.*, ¶12 (Nov. 29, 2012).

32. Thus, even if one purpose of the call was truly to ask "questions about your order," the fact that there was a second, telemarketing, purpose, changes the status of the call to telemarketing, subject to the restrictions of the TCPA.

**COUNT I – TCPA – Do Not Call Registry**

33. Plaintiff incorporates all previous paragraphs and allegations. This Count is against all defendants.

34. As explained above, defendants made unsolicited telemarketing phone calls to plaintiff and the class in violation of the TCPA 47 U.S.C. §227(c) and 47 C.F.R. § 64.1200(c).

35. Furthermore, defendants' policies, practices and procedures for TCPA compliance are insufficient, because they permit illegal telemarketing to numbers that are on the National Do Not Call Registry.

**CLASS ALLEGATIONS**

36. Plaintiff brings this count pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of all other persons or entities similarly situated throughout the United States. Plaintiff seeks certification of an injunctive class pursuant to Rule 23(b)(2) and a damages class pursuant to Rule 23(b)(3).

37. The class of persons represented by Plaintiff with respect to Count One is tentatively defined as:

> All persons or entities within the United States whose phone numbers were registered on the Do Not Registry, and who, at any time on or after January 3,

7

2009, received more than one telemarketing call within any twelve-month period of time from, or on behalf of, any Defendant, where any purpose of the call included promoting goods or services.

38. The class as defined above is identifiable by phone records and phone number databases, employed by the Defendants, or their agents, in transmitting their telemarketing calls. On information and belief, the potential class members constitute a class so numerous that joinder of all class members is impracticable.

39. The Plaintiff is a member of the classes defined above.

40. Plaintiff's claims are typical of the claims of the classes.

41. Upon information and belief, as demonstrated through paragraph 5 of the affidavit of Quality CEO Cheryl R. Mercuris, submitted at docket item 18-1, Quality has an agreement with the other defendants whereby it systematically performs telemarketing to customers like plaintiff.[1]

42. Plaintiff is an adequate representative of the classes because her interests do not conflict with the interests of the class, she will fairly and adequately protect the interests of the class, and she is represented by counsel skilled and experienced in class actions.

43. The actions of the Defendants are generally applicable to the class as a whole and to Plaintiff.

44. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

---

[1] Plaintiff does not allege that this entire affidavit is true in its entirety; that question remains open to discovery and cross examination. Plaintiff only references this paragraph of the affidavit in order to help rebut Quality's anticipated attempt to argue that plaintiff is somehow different from the other class members. She is not – plaintiff and each class member was treated the same, pursuant to the same policies, practices and procedures.

8

  a. Whether the Defendants violated the TCPA by engaging in advertising through unsolicited telemarketing calls to consumers listed on the Do Not Call Registry;

  b. Whether the Defendants obtained prior express consent in writing to contact class members listed on the Do Not Call Regisry;

  c. Whether the calls made to class members were advertisements or solicitations;

  d. Whether the Plaintiff and the members of the class are entitled to statutory damages, or treble damages, as a result of the Defendants actions.

45.  Common questions of law and fact predominate over questions affecting only individual members of the class and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

46.  Whether the violations were negligent, knowing or willful are common questions ascertainable through blanket proofs that will apply to the class in broad strokes. 47 U.S.C. §312(f).

47.  The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation, and because many are likely unaware that their rights have been violated.

48.  Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

49.  Plaintiff is capable of and is willing to represent the other members of the class, and has hired counsel that is experienced in litigating TCPA class cases.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of herself and the class and against the Defendant that provides the following relief:

a) Statutory damages of up to $500 per violation, and up to $1,500 per violation if proven to be willful or knowing, pursuant to 47 U.S.C. §227(c)(5);

b) A declaration that defendants violated the TCPA, 47 U.S.C. §227(c), 47 C.F.R. §64.1200(c) (2003) and implementing orders and regulations;

c) A permanent injunction prohibiting the Defendants, including but not limited to, their employees, agents, affiliates and joint ventures, from engaging in unsolicited telemarketing in violation of the TCPA; and

d) Any other relief the Court finds just and proper.

### COUNT II – TCPA –Autodialed Calls to Cell Phones

50. Plaintiff incorporates all previous paragraphs and allegations. This Count is against all defendants.

51. As explained above, defendants made improper calls to plaintiff and others' cellular telephones using an automatic telephone dialing system and/or artificial or prerecorded voice, in violation of the TCPA 47 U.S.C. §227(b) and 47 C.F.R. § 64.1200(a).

### CLASS ALLEGATIONS

52. Plaintiff brings this count pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of all other persons or entities similarly situated throughout the United States. Plaintiff seeks certification of an injunctive class pursuant to Rule 23(b)(2) and a damages class pursuant to Rule 23(b)(3).

53. The class of persons represented by Plaintiff with respect to Count Two is tentatively defined as:

> All persons within the United States who the Defendants, or an entity or entities acting on their behalf, caused to be initiated telemarketing calls to cell phone telephone numbers via an Autodialer, promoting their goods or services, at any time on or after January 3, 2009, where Defendants did not have the prior express consent of the called party to make such calls.

54. The classes defined above is identifiable by phone records and phone number databases, employed by the Defendants, or their agents, in transmitting their telemarketing calls. On information and belief, the potential class members constitute a class so numerous that joinder of all class members is impracticable.

55. The Plaintiff is a member of the classes defined above.

56. Plaintiff's claims are typical of the claims of the classes.

57. Upon information and belief, as demonstrated through paragraph 5 of the affidavit of Quality CEO Cheryl R. Mercuris, submitted at docket item 18-1, Quality has an agreement with the other defendants whereby it systematically performs telemarketing to customers like plaintiff.[2]

58. Plaintiff is an adequate representative of the classes because her interests do not conflict with the interests of the class, she will fairly and adequately protect the interests of the class, and she is represented by counsel skilled and experienced in class actions.

59. The actions of the Defendants are generally applicable to the class as a whole and to Plaintiff.

60. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

   a. Whether the Defendants violated the TCPA by engaging in advertising through unsolicited telemarketing calls to consumer's via an Autodialer;

---

[2] Again, plaintiff does not allege that this entire affidavit is necessarily true; that question remains open to discovery and cross examination. Plaintiff only references this paragraph of the affidavit in order to help rebut Quality's anticipated attempt to argue that plaintiff is somehow different from the other class members. She is not – plaintiff and each class member was treated the same, pursuant to the same policies, practices and procedures.

    b. Whether the Defendants had prior express consent to contact the plaintiff and members of the class;

    c. Whether the Plaintiff and the members of the class are entitled to statutory damages, or treble damages, as a result of the Defendants actions.

61. These and other common questions of law and fact predominate over questions affecting only individual members of the class and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

62. Whether the violations were negligent, knowing or willful are common questions ascertainable through blanket proofs that will apply to the class in broad strokes. 47 U.S.C. §312(f).

63. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation, and because many are likely unaware that their rights have been violated.

64. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

Plaintiff is capable of and is willing to represent the other members of the class. **C**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of herself and the class and against the Defendants that provides the following relief:

a) Statutory damages of minimum $500 per violation, and up to $1,500 per violation if proven to be willful or knowing;

b) A declaration that defendants violated the TCPA, 47 U.S.C. §227(b);

12

c) A permanent injunction prohibiting the Defendants, including but not limited to, their employees, agents or other affiliates, to immediately cease engaging in calls to cell phones using an automatic telephone dialing system and/or artificial or prerecorded voice, in violation of the TCPA; and

d) Any other relief the Court finds just and proper.

Respectfully submitted,

/s/ Alexander H. Burke
Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Phone: (312) 729-5288
aburke@burkelawllc.com

Anthony I. Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA 02110
(508) 221-1510
anthony@broderick-law.com
*Pro Hac Vice*

**JURY DEMAND**

The Plaintiff demands a trial by jury.

/s/ Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Phone: (312) 729-5288
aburke@burkelawllc.com

Anthony I. Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA 02110
(508) 221-1510
anthony@broderick-law.com
*Pro Hac Vice*

### DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the Defendants take affirmative steps to preserve all recordings, data, emails, documents and all other tangible things that relate to the Plaintiff or the putative class members, or the sending of emails or making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are likely relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody or control of any such materials, Plaintiff demands that the Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.

/s/ Alexander H. Burke