# Exhibit "A"

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SARAH TONEY, on behalf of herself and others similarly situated,

Plaintiff,

v.

QUALITY RESOURCES, INC. et al.,

Defendants.

No. 1:12-cv-42
Judge John F. Grady

## DECLARATION OF CHERYL R. MERCURIS IN SUPPORT OF DEFENDANTS' QUALITY RESOURCES, INC. AND STOMPEEZ' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND/OR MOTION FOR SUMMARY JUDGMENT

Pursuant to 28 U.S.C. § 1746, I, Cheryl R. Mercuris, declare as follows:

1. I, Cheryl R. Mercuris, am the Chief Executive Officer of Quality Resources, Inc. ("Quality"). This Declaration is made in support of Quality's and Stompeez's ("Stompeez") Motion to Dismiss Plaintiff's Complaint and/or Motion for Summary Judgment (the "Motion").

2. Quality has been in business since 1992. As part of its corporate model, the company has agreements with various vendors (for example, Stompeez, who sells children's slippers) to provide order verification to ensure that there is no fraud or mistakes in online orders placed by consumers to the vendors. These vendors contract with Quality, as "clients" of Quality, to support their customer communication needs.

3. In verifying an online transaction, Quality does not make unsolicited telephone calls. Instead, Quality calls a consumer, generally within 12-72 hours after their order to confirm the order along with its shipping and billing information. During such "order confirmation calls," Quality

*Declaration of Cheryl Mercuris*
Case No. 1:12-cv-42

identifies itself, confirms the consumer's purchase, name, shipping address, telephone number, and in some cases, the last four (4) digits of the consumer's credit card that was used to make the purchase. Quality never receives from its clients full credit card numbers.

4. In the event that Quality detects an inconsistency between the online order and the information provided during the call, it promptly reports any issues back to its respective client who the consumer originally ordered from.

5. By agreement with its client, Quality is permitted to offer each of the customers additional services or products for sale ("upsells") after the order confirmation process. The upsells are offered as part of the order confirmation telephone call. As part of an upsell, Quality discloses that the purpose of the call is to sell goods or services, as well as the nature of the goods or services being offered, and that, in the case of prize promotions, that no purchase or payment is necessary to win.

6. Quality did not make an unsolicited call to Toney. Toney ordered Stompeez slippers online on Saturday, December 8, 2012. The next business day, on December 10, 2012, Quality attempted to verify the order on behalf of Stompeez but was unable to reach Toney. The following day, Quality called and reached Toney.

7. During this call, which according to Quality's records lasted approximately 113 seconds, Quality verified Toney's order, shipping address, and insured there were no other errors.

8. Exhibit B to the Motion is a true and correct copy of the order form on Stompeez's website (www.stompeez.com) which discloses that a phone number is required when placing an order online "for questions about order."

9. Exhibit C to the Motion is a true and correct copy of Stompeez's website's Privacy Policy.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury and of the laws of the United States that the foregoing is true and correct.

Dated this 18 day of April, 2013.

_____
Cheryl Mercuris

12244743:1