IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SARAH TONEY, ) | |
| ) | |
| Plaintiff, ) | NO. 1:13-CV-00042 |
| ) | |
| v. ) | |
| ) | |
| QUALITY RESOURCES, INC., *et al*. ) | Hon. John F. Grady |
| ) | |
| Defendants. ) | |

**PROVELL, INC.'S MOTION TO DISMISS THE
FIRST AMENDED CLASS ACTION COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant Provell, Inc. moves for an order dismissing Plaintiff Sarah Toney's ("Plaintiff" or "Toney") First Amended Class Action Complaint for failure to state a claim for which relief can be granted. In support of this Motion, Provell submits the accompanying memorandum of law, which Provell incorporates by reference, and states as follows:

1. On January 3, 2013, Toney filed a lawsuit against Quality Resources and Stompeez, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"). On March 22, 2013, Plaintiff filed the First Amended Class Action Complaint ("FAC"), which added Provell as a defendant for the first time. The FAC attempts to allege against Provell, Stompeez and Quality Resources for (1) violations of the TCPA, 47 U.S.C. §227(c) predicated on alleged telephone calls to a person on the "Do Not Call" registry (Count I); and (2) violations of the TCPA, 47 U.S.C. §227(b), for allegedly using an automatic telephone dialing system to call cellular telephones (Count II).

2. On April 19, 2013, Stompeez and Quality Resources filed a Motion to Dismiss Plaintiff's First Amended Class Action Complaint and/or Motion for Summary Judgment ("Co-

Defendants' Motion"), and a memorandum in support ("Co-Defendants' Brief"). (Dkt. 32.) Provell joins in Co-Defendants' Motion, which it incorporates by this reference as if fully set forth herein.

3. In addition to the reasons set forth in Co-Defendants' Motion and Brief, Toney's claims also fail for three further separate and independent reasons:

4. *First,* Toney admits that Provell had nothing to do with the alleged calls. She affirmatively alleges that *all* of the calls at issue were "made by [co-Defendant] Quality [Resources]" – not Provell – and the FAC contains no allegations that Provell knew about the alleged calls or participated in them in any way, or that Provell and Quality Resources had an agency relationship. Toney therefore cannot state a claim against Provell for violation of the TCPA, under either a direct or vicarious theory of liability.

5. *Second,* Provell did not exist as a corporation at the time of the alleged calls (December 10 and 11, 2012), having previously dissolved effective October 31, 2012. (Ex. 1 to Mem.)[1] Toney therefore cannot state a claim against Provell, as Toney cannot satisfy the requirement to allege that the defendant (Provell) made the calls at issue, as Provell did not exist.

6. *Third*, these facts also show that the "case or controversy" required by Article III does not exist, as the injury alleged by Toney is not fairly traceable to Provell, which did not exist at the time the alleged calls were made.

---

[1] Provell respectfully requests that the Court take judicial notice of Exhibit 1. The court may consider matters of public record attached to a motion to dismiss, *Papasan v. Allain,* 478 U.S. 265, 269 n.1 (1986), and because, as an official record of the Secretary of State of the State of Delaware, it is "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Gordon v. Goodyear*, 12 C 369, 2012 WL 2885695, at *6 n.2 (N.D. Ill. July 13, 2012) (taking judicial notice of a Certificate of Incorporation issued by the Secretary of State of the State of Delaware and collecting cases).

2201450.4

WHEREFORE, for the foregoing reasons, and for the reasons set forth in its accompanying memorandum of law, Provell respectfully requests that the Court enter an order dismissing all of Plaintiff Sarah Toney's claims, in their entirety and with prejudice.

Dated: May 31, 2013

Respectfully submitted,

PROVELL, INC.

By: /s/ Matthew R. Devine
    One of Its Attorneys

Craig C. Martin (6201581)
David Jiménez-Ekman (6210519)
Matthew R. Devine (6282744)
Brienne M. Letourneau (6303812)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350

2201450.4

4

## CERTIFICATE OF SERVICE

I certify that on May 31, 2013, I filed the foregoing Provell, Inc.'s Motion to Dismiss the First Amended Class Action Complaint, and caused a true and correct copy of the foregoing to be served upon all CM/ECF registrants of record in this action using the CM/ECF system.

/s/ _Matthew R. Devine_____

2201450.4