IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SARAH TONEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>QUALITY RESOURCES, INC., *et al*. )<br>)<br>Defendants. ) | NO. 1:13-CV-00042<br><br>Hon. John F. Grady |

**PROVELL, INC. AND SEMPRIS, LLC 'S MOTION TO DISMISS THE
<u>SECOND AMENDED CLASS ACTION COMPLAINT</u>**

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), Defendants Provell, Inc. and Sempris, LLC move for an order dismissing Plaintiff Sarah Toney's ("Plaintiff" or "Toney") Second Amended Class Action Complaint for failure to state a claim for which relief can be granted and lack of subject-matter jurisdiction. In support of this Motion, Provell and Sempris submit the accompanying memorandum of law, which Provell and Sempris incorporate by reference, and state as follows:

1. On January 3, 2013, Toney filed a lawsuit against Quality Resources and Stompeez, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"). On March 22, 2013, Plaintiff filed the First Amended Class Action Complaint, which added Provell as a defendant for the first time. Plaintiff filed the Second Amended Class Action Complaint ("SAC") on July 31, 2013, adding Sempris as a defendant as well as Infomercials, Inc. The SAC attempts to state claims against Provell, Sempris, Stompeez, Quality Resources, and Informercials for (1) violations of the TCPA, 47 U.S.C. §227(c) predicated on alleged telephone calls to a person on the "Do Not Call" registry (Count I); and (2) violations of

2228874.4

the TCPA, 47 U.S.C. §227(b), for allegedly using an automatic telephone dialing system to call cellular telephones (Count II).

2. On August 29, 2013, Quality Resources, Infomercials, and Stompeez filed a Motion to Dismiss Plaintiff's Second Amended Class Action Complaint and/or Motion for Summary Judgment ("Co-Defendants' Motion"), and a memorandum in support ("Co-Defendants' Brief"). (Dkt. 32.) Provell and Sempris join in Co-Defendants' Motion, which they incorporate by this reference as if fully set forth herein.

3. In addition to the reasons set forth in Co-Defendants' Motion and Brief, Toney's claims against Provell and Sempris also fail for three further separate and independent reasons:

4. *First,* Provell did not exist as a corporation at the time of the alleged calls (December 10 and 11, 2012), having previously dissolved effective October 31, 2012. (Ex. 1 to Mem.)[1] Toney therefore cannot state a claim against Provell, as Toney cannot satisfy the requirement to allege that Provell made the calls at issue, as Provell did not exist. These facts also show that the "case or controversy" required by Article III does not exist, as the injury alleged by Toney is not fairly traceable to Provell, which did not exist at the time the alleged calls were made.

5. *Second,* Toney admits that Provell and Sempris had nothing to do with the alleged calls. She affirmatively alleges that *all* of the calls at issue were "made by [co-Defendant]

---

[1] Provell and Sempris respectfully request that the Court take judicial notice of Exhibit 1, which is the official Delaware Certificate of Dissolution of Provell, Inc. The Court may consider matters of public record attached to a motion to dismiss, *Papasan v. Allain,* 478 U.S. 265, 269 n.1 (1986), and because, as an official record of the Secretary of State of the State of Delaware, it is "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Gordon v. Goodyear*, 12 C 369, 2012 WL 2885695, at *6 n.2 (N.D. Ill. July 13, 2012) (taking judicial notice of a Certificate of Incorporation issued by the Secretary of State of the State of Delaware and collecting cases).

2228874.4

Quality [Resources]" – not Provell or Sempris – and the SAC contains no allegations that Provell or Sempris had knowledge of the alleged calls or participated in them in any way. Therefore, neither Sempris nor Provell can be directly liable for violation of the TCPA.

6. *Third*, Toney fails to adequately allege (and cannot allege) that Sempris or Provell is vicariously liable for Quality's alleged violations of the TCPA. As to Provell, Toney admits that Provell sold its assets to Sempris in February 2011 and was "defunct" at the time of the alleged calls to Toney. As to Sempris, Toney's factual allegations in support of her claim are entirely conclusory and do not establish an agency relationship between Sempris and Quality such that Sempris could ever be held vicariously liable for Quality's conduct.

WHEREFORE, for the foregoing reasons, and for the reasons set forth in their accompanying memorandum of law, Provell and Sempris respectfully request that the Court enter an order dismissing all of Plaintiff Sarah Toney's claims, in their entirety and with prejudice, as any attempt to replead would be futile.

Dated:  September 17, 2013    Respectfully submitted,

PROVELL, INC.
SEMPRIS, LLC

By:  /s/ Matthew R. Devine
       One of Its Attorneys

Craig C. Martin (6201581)
David Jiménez-Ekman (6210519)
Matthew R. Devine (6282744)
Brienne M. Letourneau (6303812)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350

## CERTIFICATE OF SERVICE

I certify that on September 17, 2013, I filed the foregoing **Provell, Inc. and Sempris, LLC's Motion to Dismiss the Second Amended Class Action Complaint**, and caused a true and correct copy of the foregoing to be served upon all CM/ECF registrants of record in this action using the CM/ECF system.

/s/ Matthew R. Devine_____