IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

SARAH TONEY,                    )
                                )
        Plaintiff,               )   NO. 1:13-CV-00042
                                )
v.                              )
                                )
QUALITY RESOURCES, INC., *et al.*  )   Hon. John F. Grady
                                )
        Defendants.              )

**PROVELL, INC. AND SEMPRIS, LLC'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT**

The Court should dismiss Plaintiff Sarah Toney's Second Amended Class Action Complaint ("SAC") against Provell, Inc. ("Provell") and Sempris, LLC ("Sempris") in its entirety and with prejudice because neither entity had any role in the purportedly wrongful telephone calls alleged in the SAC. Toney attempts to state two claims against Provell, Sempris, Stompeez, Infomercials, Inc. and Quality Resources, Inc. ("Quality") for purported violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), based solely on telephone calls allegedly made to her by Quality on December 10 and 11, 2012.

On August 29, 2013, Stompeez, Infomercials and Quality filed a Motion to Dismiss Plaintiff's Second Amended Complaint and/or Motion for Summary Judgment ("Co-Defendants' Motion"). (Dkt. 76.) As set out in more detail in Provell and Sempris's accompanying Motion to Dismiss, Provell and Sempris join in Co-Defendants' Motion.

Provell and Sempris file this additional Motion to present three separate and independent reasons the claims against them also fail: (1) Provell did not exist as a legal entity at the time of the allegedly wrongful calls, having previously been dissolved by its shareholders, and therefore cannot be liable for the calls; (2) the SAC contains no well-pleaded allegations that Provell or

2227788.8

Sempris placed the telephone calls that allegedly violated the TCPA, and, indeed, admits that those calls were exclusively placed by Quality; and (3) Toney fails to (and cannot) adequately allege that Sempris and Provell are vicariously liable for Quality's alleged violations of the TCPA, as neither entity had any role in the calls at issue. As these defects cannot be cured, the Court should dismiss with prejudice, because any attempt at further amending the SAC would be futile.

In Part I, we describe the relevant allegations in the SAC. In Part II, we show that this Court should dismiss Counts I and II with prejudice for the three separate and independent reasons identified above.

## I.  BACKGROUND.

### A. Provell.

On October 30, 2012, nearly five months before Toney filed the First Amended Complaint and attempted to bring Provell into this matter as a Defendant, and over a month before the phone call about which Toney complains, Provell's shareholders authorized the dissolution of Provell. (Ex. 1.)[1] The dissolution became effective on October 31, 2012. (*Id.*) On November 7, 2012, Provell filed a Certificate of Dissolution of Provell, Inc. with the Delaware Secretary of State's office. (*Id.*)

---

[1] Sempris and Provell respectfully request that the Court take judicial notice of Exhibit 1, which is the official Delaware Certificate of Dissolution of Provell, Inc. The court may consider matters of public record attached to a motion to dismiss, *Papasan v. Allain,* 478 U.S. 265, 269 n.1 (1986), and, as an official record of the Secretary of State of the State of Delaware, it is "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Gordon v. Goodyear*, 12 C 369, 2012 WL 2885695, at *6 n.2 (N.D. Ill. July 13, 2012) (taking judicial notice of a Certificate of Incorporation issued by the Secretary of State of the State of Delaware and collecting cases).

### B. Sempris.

Sempris is a separate company from Provell. Sempris is a leading business services company that offers loyalty and membership programs, providing exclusive discounts at popular restaurants and retailers. Sempris purchased the assets of Provell in February 2011, including a membership program called "Budget Savers" that Sempris now operates. (SAC ¶¶ 13-14.) Sempris does not market its Budget Savers membership program. Instead, Sempris contracts with an independent third party, Defendant Quality, to serve as the retailer of Budget Savers by marketing the membership program. (*Id.* ¶ 25.) As the contract makes clear, Sempris does not directly or indirectly control the methods used by Quality to market Budget Savers. (*See id.* ¶¶ 28-32 (omitting reference to control over Quality's marketing methods).) Indeed, the contract between Sempris and Quality, attached as Exhibit 2, shows conclusively that Sempris has no control whatsoever over the methods used by Quality in its marketing activities, and that Quality is exclusively responsible for all marketing.

### C. Factual Background & Procedural History.

Toney alleges that on or about December 8, 2012, she purchased children's slippers from Defendant Stompeez over the internet. (SAC ¶ 20.)[2] Toney admits that she provided her telephone number to Stompeez to allow Stompeez to contact her "for questions about [her] order." (*Id.* ¶ 21.) Toney alleges that on or about December 10, 2012, she "received three telephone calls on her cellular telephone." (*Id.* ¶ 22.) She admits that "[a]ll three of these calls were made by [co-Defendant] **Quality**" – not Provell or Sempris. (*Id.* (emphasis added).) Toney alleges further that on or about December 11, 2012 she received another call to "verify her address" on behalf of Stompeez. (*Id.* ¶¶ 23-24.) Toney again admits that this December 11 call

---

[2] Sempris reserves all rights to contest any and all of Toney's allegations.

"was also made by **Quality**" – not Provell or Sempris. (*Id*. ¶ 23 (emphasis added).) During the December 11 call, the caller informed Toney that he "was contracted by [co-Defendant] Stompeez to verify her address," and then attempted to sell goods and services to Toney. (*Id*. ¶ 24.) Toney contends that the caller tried to sell her a product called Budget Savers, and that Sempris stood to benefit from the calls (and, straining the bounds of logic, contends that Provell also stood to benefit from the calls "before it became defunct"). (*Id*. ¶¶ 24, 40.)

Otherwise, Toney does not allege that Sempris or Provell had anything to do with her purchase from Stompeez, and she does not allege anything other than that the telephone calls were made exclusively by Quality. Toney claims in conclusory fashion that the telephone calls "were made with the express authorization of Sempris, and under its close supervision and control" (*id*. ¶ 27, *see also* ¶¶ 28-32), and that "Infomercials, Inc. and Stompeez also expressly authorized these calls, and exercised substantial control over them (*id*. ¶ 33, *see also* ¶¶ 34-38). Toney does not allege any facts indicating that Sempris authorized the calls, supervised them, controlled them, or had any role in the calls whatsoever.

On January 3, 2013, Plaintiff filed a lawsuit against Quality and Stompeez, alleging violations of the TCPA. On March 22, 2013, Toney filed the First Amended Complaint, which added Provell as a defendant for the first time. Provell moved to dismiss the First Amended Complaint under Rules 12(b)(1) and 12(b)(6) on May 31, 2013, on the grounds that, *inter alia*, (i) the Court lacks subject-matter jurisdiction over Provell, and (ii) Toney cannot state a claim against Provell because Provell ceased doing business nearly two years prior to the alleged calls, and officially dissolved as a corporation months before the calls allegedly occurred.

On July 31, 2013, Toney filed the SAC, which added Sempris and Infomercials as defendants. Despite acknowledging in the SAC that Provell is "defunct" and ceased operating Budget Savers in February 2011 (SAC ¶¶ 14, 40), Toney again names Provell as a defendant.

The SAC attempts to allege against Provell, Sempris, Infomercials, Stompeez and Quality (1) violations of the TCPA, 47 U.S.C. §227(c), predicated on alleged telephone calls to a person on the "Do Not Call" registry (Count I); and (2) violations of the TCPA, 47 U.S.C. §227(b), for allegedly using an automatic telephone dialing system to call cellular telephones (Count II). Prior to filing the First Amended Complaint on March 22, 2013, Toney's counsel had not communicated with Sempris or Provell regarding any of the issues arising in this lawsuit.

**II.     THE COURT SHOULD DISMISS COUNTS I & II WITH PREJUDICE.**

Toney's TCPA claims against Provell and Sempris should be dismissed with prejudice for three independent reasons: (1) Provell did not exist as a legal entity at the time of the allegedly wrongful calls, having previously been dissolved by its shareholders, and therefore Toney's claims fail under Federal Rules of Civil procedure 12(b)(6) and 12(b)(1); (2) the SAC contains no well-pleaded allegations that Provell or Sempris placed the telephone calls that allegedly violated the TCPA, and, indeed, admits that those calls were exclusively placed by Quality, not Provell or Sempris; and (3) Toney fails to (and cannot) adequately allege that Sempris and Provell are vicariously liable for Quality's alleged violations of the TCPA. This Section addresses each of the foregoing points in turn.

**A. Legal Standard.**

Sempris and Provell incorporate the legal standard set forth in Section II.A of Co-Defendant's Motion by this reference as if fully set forth herein.

5

### B. Toney Cannot State TCPA Claims Against Provell Because Provell Did Not Exist at the Time of the Alleged Calls.

Toney's claims against Provell fail because Provell did not exist during the time of the allegedly improper calls. Specifically, as explained in Section I.A, *supra*, Provell's shareholders dissolved Provell on October 30, 2012. (*See* Ex. 1.) The dissolution occurred before the allegedly wrongful calls at issue in this lawsuit occurred (December 10 and 11, 2012) and nearly five months before Toney filed the SAC against Provell (on March 22, 2013). Moreover, Toney *admits* that Provell sold all of its assets to Sempris in February 2011, nearly two years before the alleged calls to Toney occurred. (SAC ¶ 14.) Therefore, Toney is suing Provell for acts that Provell could not have committed and did not commit as a matter of law, as Provell did not exist.

These facts give rise to two separate and independent bases for dismissal. ***First,*** dismissal is warranted under Fed. R. Civ. P. 12(b)(6). Toney cannot as a matter of law state claims against Provell for relief under the TCPA, as Toney cannot allege that the defendant (Provell) made the calls at issue, because Provell did not exist when the calls were made. ***Second,*** dismissal is warranted under Fed. R. Civ. P. 12(b)(1), as the "case or controversy" required by Article III does not exist. "Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'" *Allen v. Wright*, 468 U.S. 737, 750 (1984). "[T]here must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotations omitted). "If the plaintiff's injury is not fairly traceable to the defendant, the plaintiff lacks standing to bring suit against the defendant, and the federal court lacks subject-matter jurisdiction to adjudicate the matter." *Johnson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 719 F.3d 601, 602 (7th Cir. 2013)

2227788.8

(affirming dismissal where injury was not "fairly traceable" to defendant); *accord Perkins v. Neal,* 7-841, 2007 WL 3087201, at *3 (N.D. Ill. Oct. 19, 2007) (same).

Here, Toney lacks standing to bring suit against Provell because Provell undisputedly was no longer doing business – and indeed, did not exist – at the time of the alleged calls on December 10 and 11, 2012. (Ex. 1; *see also* SAC ¶ 14.) As such, Toney's alleged injury – *i.e.*, the "invasion of her privacy rights" as a result of the December 10 and 11, 2012 calls (SAC ¶ 48) – is not "fairly traceable" to Provell, as it is necessarily "the result of the independent action of some third party . . . ." *See Lujan*, 504 U.S. at 560-61. Toney does not, and cannot, allege otherwise.[3] Therefore, her claims against Provell also should be dismissed for lack of standing under Rule 12(b)(1).

### C. Toney Cannot State Direct or Vicarious TCPA Claims Against Sempris or Provell.

#### 1. Toney cannot state direct TCPA claims because Toney admits that Sempris and Provell did not make the telephone calls at issue.

Not only does Toney fail to allege any conduct by Sempris or Provell that violated the TCPA, she ***admits*** that neither Sempris nor Provell made the calls at issue in the SAC, and thus pleads herself out of Court. Toney alleges that Sempris and Provell violated two prongs of the TCPA: (1) by using an automated dialing system; and (2) by calling Toney, whose telephone number was on the national "Do Not Call" registry. To state the automated dialing claim (under § 227(b)(1)(A)(iii)), "a plaintiff must allege that: (1) a call was made; (2) the caller used an

---

[3] "The party invoking federal jurisdiction bears the burden of establishing" standing. *Lujan*, 504 U.S. at 561. "At the pleading stage," the Seventh Circuit requires "general factual allegations of injury resulting from the defendant's conduct." *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 422 F.3d 490, 496 (7th Cir. 2005). "[A]t the pleading stage, a court is not bound by the plaintiff's legal characterization of the facts, and the allegations need not be stretched beyond their sensible and reasonable implications." *In re Sage Enterprises, Inc.*, 04 B 5548, 04 A 3014, 2006 WL 1722582, at *14 (Bkrtcy. N.D. Ill. Apr. 28, 2006)

7

ATDS or artificial or prerecorded voice; (3) the telephone number called was assigned to a cellular telephone service; and (4) the caller did not have prior express consent of the recipient." *Hanley v. Green Tree Servicing, LLC*, 12 C 4158, 2013 WL 1189697, at *4 (N.D. Ill. Mar. 21, 2013). Similarly, to state a claim for a "Do Not Call" registry violation (under § 227(c)), a plaintiff must allege that the defendant made a telephone solicitation to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

It is axiomatic that Toney must do more than "merely parrot the statutory language of the claims that [she is] pleading"; she must also "provid[e] some specific facts to ground those legal claims." *Hanley*, 2013 WL 1189697 at *4-5 (dismissing complaint that "merely recite[d] naked facts mimicking the elements of a cause of action under the TCPA" and did not adequately allege violative conduct by defendant) (citing *McCauley v. City of Chi.,* 671 F.3d 611, 616 (7th Cir.2011); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

Here, the SAC lacks the first and most basic element necessary to state TCPA claims based on an automated dialing or "Do Not Call" theory: that Sempris or Provell made or initiated a call to her. Indeed, Toney affirmatively alleges that ***Quality Resources, not Sempris or Provell***, made the allegedly wrongful calls. (SAC ¶¶ 22-23.) The relevant allegations are:

> 22. On or about December 10, 2012, the Plaintiff received three telephone calls on her cellular telephone. The caller ID for the calls was (866) 379-2003. ***All three of these calls were made by Quality*** at the direction of, and for the benefit of, Stompeez, Infomercials, Inc, and Sempris.
>
> 23. On or about December 11, 2012, the Plaintiff received another telephone call from (866) 379-2003. ***This call was also made by Quality***, on behalf of and at the direction of Infomericals [sic], Inc., Stompeez and Sempris/Provell.

8

(*Id*. (emphasis added).) The SAC does not allege anywhere that **Sempris or Provell** made the calls. Indeed, the only relevant factual allegations about the calls in the SAC that mention Sempris, Provell or Budget Savers appear to ground the claims in a vicarious (as opposed to direct) liability theory, *i.e.*, the SAC alleges that Quality made the alleged December 2012 calls "on behalf of and at the direction of . . . Sempris/Provell" (*id*. ¶¶ 22-23), that "the Quality representative [] began trying to sell plaintiff Budget Savers goods and/or services" (*id*. ¶ 24), that Quality had an agreement with Provell "until Provell transferred its telemarketing contract to Sempris" prior to the alleged calls to Plaintiff (*id*. ¶¶ 14, 25), and that Sempris "reap[ed] the benefit of such calls" (and Provell also did so "before it became defunct"). (*Id*. ¶ 40) For the reasons set forth immediately below, this "vicarious liability" theory is also fatally flawed.

There is no allegation that Sempris or Provell made any alleged calls to Toney or had any actual knowledge of or involvement in any of the calls, much less any well-pleaded facts showing that Sempris or Provell committed "knowing" or "willful" violations of law with respect to Toney (none exists). Consequently, the Court should dismiss Toney's TCPA claims against Sempris and Provell with prejudice.

### 2. Toney fails to state a claim against Sempris or Provell for vicarious liability under the TCPA.

As a further separate and independent basis for dismissal, Toney fails to state claims against Sempris or Provell for vicarious liability under the TCPA. ***First***, as to Count II (alleged violation of § 227(b) for use of autodialing machine), Toney cannot state a claim against Sempris or Provell for vicarious liability under the TCPA. No "on behalf of" liability exists under § 227(b). *Mais v. Gulf Coast Collection Bureau, Inc.*, 11-61936, 2013 WL 1899616, at *12 (S.D. Fla. May 8, 2013) (citing *Mey v. Pinnacle Sec., LLC,* 5:11CV47, 2012 WL 4009718, at *3-

9

4 (N.D. W.Va. Sept. 12, 2012); *Thomas v. Taco Bell Corp.,* 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012)).

The Federal Communications Commission ("FCC") has taken the position that even under § 227(b), a defendant "may be held vicariously liable under federal common law agency principles for a TCPA violation by a third-party telemarketer." 28 F.C.C.R. 6574, 6582 (2013). However, under the principles articulated in *Chevron U.S.A. Inc., v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), the FCC's interpretation that vicarious liability is available under § 227(b) is due no deference because the failure of Congress to include "on behalf of" language in § 227(b) while including it in § 227(c) demonstrates that the unambiguous intent of Congress was to foreclose vicarious liability for claims made under § 227(b). *Mais*, 2013 WL 1899616 at *12 ("Congress must not have intended ['on behalf of'] liability for violations of section 227(b)").

As stated above, Toney alleges that Quality made the alleged calls, not Sempris or Provell. Therefore, as a matter of law, Sempris and Provell cannot be held liable for alleged violations of § 227(b) on the facts as pled in the SAC. Even assuming for the purposes of argument only (contrary to law) that vicarious liability were available for violations of § 227(b), Toney also fails to state a § 227(b) claim against Sempris or Provell under a vicarious liability theory for the further reasons explained below.

***Second***, as to Count I (calling someone on the "Do Not Call" registry in violation of § 227(c)), the SAC is also fatally defective. The law imposes a heavy burden on a plaintiff when the plaintiff seeks to hold a remote defendant liable for a TCPA violation on a vicarious liability theory. Indeed, the FCC recently announced that even for § 227(c) claims, "a seller is not directly liable for a violation of the TCPA **unless it initiates a call**." 28 F.C.C.R. at 6582, 6585

10

(emphasis added).  "[I]t is [Toney's] obligation to plead facts demonstrating that [s]he is entitled to relief," and "[a]bsent some indication that [Sempris and Provell were] somehow involved with the" calls at issue, "there is no basis for liability attaching to [Sempris and Provell] as to those calls."  *Charvat v. DFS Services LLC*, 781 F. Supp. 2d 588, 593 (S.D. Ohio 2011).  In *Charvat*, where the plaintiff "failed to allege that the calls placed . . . were made on behalf of" the moving defendant, the court granted the defendant's motion to dismiss.  *Charvat*, 781 F. Supp. 2d at 592-93.

"To succeed on [a] vicarious liability theory" under the TCPA, Toney "must demonstrate that [Quality] acted as an agent of [Sempris or Provell]: that [Sempris or Provell] controlled or had the right to control them and, more specifically, the manner and means of the [marketing] campaign they conducted."  *Thomas*, 879 F. Supp. 2d at 1084.  "A plaintiff who relies on agency theory to support a claim must plead facts in her complaint which, if proved, can establish the existence of an agency relationship."  *Kowalke v. Bernard Chevrolet, Inc.*, 99-7980, 2000 WL 656660, at *3 (N.D. Ill. Mar. 23, 2000); *accord Sefton v. Toyota Motor Sales U.S.A.*, 9-3787, 2010 WL 1506709, at *3 (N.D. Ill. Apr. 14, 2010) ("courts in this district held that pleading the existence of an agency relationship requires more than a general statement that such a relationship exists.").

Here, as in *Charvat*, Toney falls far short of alleging that Quality placed any call to her "on behalf of" Sempris or Provell.  As to Provell, nowhere in the SAC does Toney allege that Quality made or initiated any call on behalf of Provell; to the contrary, Toney admits that Provell sold its assets to Sempris in February 2011 and was "defunct" at the time of the alleged calls to Toney.  (SAC ¶¶ 14, 40.)

As to Sempris, Toney's factual allegations in support of her claim that Quality made the calls at issue "with the express authorization of Sempris, and under its close supervision and control" are entirely conclusory and could not, even if true, establish an agency relationship between Sempris and Quality. (*Id*. ¶¶ 27-32.) Toney claims that Sempris exercised "control" over Quality's marketing activities because Sempris requires consensual recordings of calls where Quality markets Budget Savers, Sempris requires Quality to make "verbatim" solicitations to customers, Sempris requires Quality to provide Sempris's phone number to customers, and Quality's sales representatives "are authorized to sell Sempris goods and services during telemarketing calls." (*Id*.) But even putting aside the fact that these conclusory characterizations of the contract are directly at odds with the Quality/Sempris contract itself, these allegations are insufficient to establish an agency relationship as a matter of law. *Mann v. Prudential Real Estate Affiliates, Inc*., 90-5518, 1990 WL 205286, at *2-3 (N.D. Ill. Dec. 10, 1990); *Salisbury v. Chapman Realty*, 465 N.E.2d 127, 131 (Ill. App. Ct. 1984); *Thomas*, 879 F. Supp. 2d at 1086.

In *Mann*, for example, the plaintiff brought a claim against a franchisor under an agency theory for allegedly fraudulent conduct by its franchisee. *Id*. at *1-2. The plaintiff alleged an agency relationship because the franchise agreement required the franchisee to use the franchisor's proprietary reporting system, and the franchisor provided training for employees of the franchisee. *Id*. at *3, *5. However, the franchise agreement disclaimed any agency relationship. *Id*. at *2. The court held that the degree of control alleged was "insufficient as a matter of law to negate the clear intent of the parties expressed in their franchise agreement." *Id*. at *3. The court noted in particular that "[e]stablishing reporting requirements hardly seems like a degree of control which . . . would establish an agency relationship," and also that "the franchise agreement did not give [franchisor] any control over [franchisee]'s relationships with

12

its employees." *Id*. at *4. The court therefore granted the franchisor's motion to dismiss the complaint under Rule 12(b)(6). *Id*. at *5. *Accord Salisbury*, 465 N.E.2d at 131 (agency claim properly dismissed despite "considerable" control by franchisor over franchisee); *Thomas*, 879 F. Supp. 2d at 1086 (in TCPA case, "knowledge [and] approval . . . do not amount to controlling the manner and means of the [marketing] campaign.").

Toney's allegations here fail as a matter of law. As an initial matter, just as in *Mann*, the contract governing the relationship between Quality and Sempris[4] makes clear that Quality acts as an independent contractor, and that the agreement **"creates no agency, partnership or joint venture relationship."** (Ex. 2 at 6) (emphasis added).[5] Such a provision "clearly shows the intent of [Quality and Sempris] to exclude an agency relationship." *Mann*, 1990 WL 205286 at *3. Moreover, Toney's allegations of "close supervision and control" by Sempris show nothing more than Quality's agreement to protect Sempris's "name, goodwill, trademarks, and service marks" (*Mann*, 1990 WL 205286 at *3) and to follow its "general standards" in marketing Budget Savers. Quality's agreement to consensually record calls is analogous to the "reporting requirement" that the *Mann* court rejected and, in this specific context, merely memorializes the

---

[4] The contract between Quality and Sempris provides for the application of Minnesota law. (Ex. 2 at ¶ 8.C.) Minnesota law governing agency relationships is substantively identical to Illinois law. *Compare Agristor v. Hansen*, 1985 WL 6073, at *7-8 (D. Minn. Feb. 13, 1985) ("The agency relation results if, *but only if*, there is an understanding between the parties which, as interpreted by the court, creates a fiduciary relation in which the fiduciary is subject to the directions of the one on whose account he acts. It is the element of continuous subjection to the will of the principle which distinguishes the agent from other fiduciaries and the agency agreement from other agreements.") *with Health Cost Controls v. Sevilla*, 850 N.E.2d 851, 862 (Ill. App. Ct. 2006) ("agency is a consensual, fiduciary relationship in which the principal has the right to control the activities of the agent and the agent has the power to conduct legal transactions in the principal's name.").

[5] The Court can consider the contract between Quality and Sempris under the incorporation by reference doctrine, because the SAC "explicitly refers to the" contract, and the business relationship between Quality and Sempris is "central to plaintiff['s] case." *Hecker v. Deere & Co.*, 556 F.3d 575, 583 (7th Cir. 2009).

13

parties' existing obligations under federal law. *See* Electronic Funds Transfers (Regulation E), 12 C.F.R. 205.13(b). Finally, Toney's allegation that "Quality representatives are authorized to sell Sempris goods and services" cannot suffice to establish agency, as then, for example, all manufacturers could be held vicariously liable for the acts of every retailer or distributor that sells their products – a patently absurd result.

## CONCLUSION

WHEREFORE, for the foregoing reasons and the reasons set forth in Defendants Quality Resources, Inc. and Stompeez Motion to Dismiss Plaintiff's Second Amended Class Action Complaint and/or Motion for Summary Judgment, the Court should dismiss all counts of the Second Amended Complaint against Sempris and Provell, with prejudice.


Dated: September 17, 2013

Respectfully submitted,

PROVELL, INC.
SEMPRIS, LLC

By: /s/ Matthew R. Devine
    One of Their Attorneys

Craig C. Martin (6201581)
David Jiménez-Ekman (6210519)
Matthew R. Devine (6282744)
Brienne M. Letourneau (6303812)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350

14

2227788.8

## CERTIFICATE OF SERVICE

I certify that on September 17, 2013, I filed the foregoing **Provell, Inc. and Sempris, LLC's Memorandum in Support of Their Motion To Dismiss the Second Amended Class Action Complaint**, and caused a true and correct copy of the foregoing to be served upon all CM/ECF registrants of record in this action using the CM/ECF system.

/s/ _Matthew R. Devine_____