IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Toney | ) | |
|     Plaintiffs | ) | Case No: 13 C 42 |
| | ) | |
| v. | ) | |
| Quality Resources, Inc., et al | ) | Judge John F. Grady |
| | ) | |
|     Defendant | ) | |
| | ) | |

## ORDER

Plaintiff's motion to compel [97] is granted. Defendants shall produce the responsive documents by December 16, 2013. Defendants shall now file their *in camera* submissions on the docket. Furthermore, defendants' agreed motion for an extension of time until November 25, 2013 to file reply briefs to plaintiff's consolidated response to defendants' dispositive motions [104] is granted. No appearance is required on November 27, 2013. The court will set a status hearing when it rules on defendants' dispositive motions.

## STATEMENT

    Plaintiff has moved to compel the production of documents from defendant Quality Resources, Inc. ("Quality"). The motion states that the parties were unable to reach agreement regarding plaintiff's requests for the production of communications among the defendants. Quality objected to the requests on the ground that they were overly broad, and it asked plaintiff to provide proposed "search terms" with respect to the requests. Plaintiff seeks production of the communications "in order to learn more about the telemarketing scheme that is the subject of this case, including the extent to which each party exercised interim control over the calls and sales at issue, and the degree to which the violations were willful or knowing." (Pl.'s Mot. to Compel ¶ 8.) Plaintiff argues that her request is not overly broad because the telemarketing scheme at the heart of the case is the only connection among the defendants.

    On November 6, 2013, we held a hearing on plaintiff's motion. Defendants had created a list of suggested search terms, as had plaintiff. Defendants contended that plaintiff's terms would result in "far too many hits," so we ordered defendants to produce to the court, for *in camera* review, samples of communications among them that demonstrate the conduct of business that has nothing to do with the alleged violations of law involved in this case.

    We have reviewed the defendants' two submissions (one on behalf of Quality and one on behalf of Sempris and Provell). Defendants contend that the representative documents that they have submitted pertain to matters unrelated to this case. We disagree. Defendants have taken an overly narrow view of relevance. For example, Sempris and Provell contend that the issues are simply whether Quality used predictive dialing and whether Sempris and Provell were involved in "calling methodology." But the issue of agency--the extent to which Quality acted as the agent of Sempris/Provell--is broader than that. Sempris and Provell also ask us to exclude certain categories of documents from discovery--"[d]ocuments related to the negotiation of the Sempris/Quality

Resources contract," "[d]ocuments related to Sempris's communications with Quality Resources about the information provided by Quality to prospective customers," as well as "Sempris's communications with Quality Resources about sales, invoices and commissions." These categories of documents are relevant to agency. Some of the documents produced by Sempris and Provell are *highly* relevant. Some of the documents produced by Quality, on the other hand, are marginally relevant, but relevant nonetheless. We are not persuaded that the use of plaintiff's suggested search terms would result in any extraordinary discovery burden on defendants. Accordingly, plaintiff's motion to compel [97] is granted. Defendants shall produce the responsive documents by December 16, 2013. Defendants shall now file their *in camera* submissions on the docket.

Furthermore, defendants' agreed motion for an extension of time until November 25, 2013 to file reply briefs to plaintiff's consolidated response to defendants' dispositive motions [104] is granted. No appearance is required on November 27, 2013. The court will set a status hearing when it rules on defendants' dispositive motions.

Date:  11/21/13                                         /s/ John F. Grady
                                                            U.S. District Court Judge