IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SARAH TONEY, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 1:13-CV-00042 |
| | ) | |
| v. | ) | |
| | ) | |
| QUALITY RESOURCES, INC., *et al*. | ) | Hon. John F. Grady |
| | ) | |
| Defendants. | ) | |

**PROVELL, INC. AND SEMPRIS, LLC 'S MOTION TO DISMISS THE
THIRD AMENDED CLASS ACTION COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), Defendants Provell, Inc. and Sempris, LLC move for an order dismissing Plaintiff Sarah Toney's ("Plaintiff" or "Toney") Third Amended Class Action Complaint for failure to state a claim for which relief can be granted and lack of subject-matter jurisdiction. In support of this Motion, Provell and Sempris submit the accompanying memorandum of law, which Provell and Sempris incorporate by reference, and state as follows:

1. On January 3, 2013, Toney filed a lawsuit against Quality Resources and Stompeez, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"). On March 22, 2013, Toney filed the First Amended Class Action Complaint, which added Provell as a defendant for the first time. Toney filed the Second Amended Class Action Complaint ("SAC") on July 31, 2013, adding Sempris as a defendant as well as Infomercials, Inc. Plaintiff filed a Third Amended Complaint ("TAC") on July 31, 2014.

2. The TAC attempts to state claims against Quality Resources, Provell, and Sempris for (1) violations of the TCPA, 47 U.S.C. §227(c) predicated on alleged telephone calls to a person on the "Do Not Call" registry (Count I); and (2) violations of the TCPA, 47 U.S.C.

§227(b), for allegedly using an automatic telephone dialing system to call cellular telephones (Count II).

3. Toney's claims against Provell and Sempris fail for four separate and independent reasons:

4. *First,* Provell did not exist as a corporation at the time of the alleged calls (December 10 and 11, 2012), having previously dissolved effective October 31, 2012. (Ex. 1 to Mem.)[1] Toney therefore cannot state a claim against Provell, as Toney cannot satisfy the requirement to allege that Provell made the calls at issue, as Provell did not exist. These facts also show that the "case or controversy" required by Article III does not exist, as the injury alleged by Toney is not fairly traceable to Provell.

5. *Second,* Toney admits that Provell and Sempris had nothing to do with the alleged calls. She affirmatively alleges that *all* of the calls at issue were "made by [co-Defendant] Quality [Resources]" – not Provell or Sempris – and the TAC contains no allegations that Provell or Sempris had knowledge of the alleged calls or participated in them in any way. Therefore, neither Sempris nor Provell can be directly liable for violation of the TCPA.

6. *Third*, Toney fails to adequately allege (and cannot allege) that Sempris or Provell is vicariously liable for Quality's alleged violations of the TCPA. As to Provell, Toney alleges that Provell sold its assets to Sempris in February 2011 and was "defunct" at the time of

---

[1] Provell and Sempris respectfully request that the Court take judicial notice of Exhibit 1, which is the official Delaware Certificate of Dissolution of Provell, Inc. The Court may consider matters of public record attached to a motion to dismiss, *Papasan v. Allain,* 478 U.S. 265, 269 n.1 (1986), and because, as an official record of the Secretary of State of the State of Delaware, it is "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Gordon v. Goodyear*, 12 C 369, 2012 WL 2885695, at *6 n.2 (N.D. Ill. July 13, 2012) (taking judicial notice of a Certificate of Incorporation issued by the Secretary of State of the State of Delaware and collecting cases).

the alleged calls to Toney.  As to Sempris, Toney's factual allegations in support of her claim do not establish an agency relationship between Sempris and Quality such that Sempris could ever be held vicariously liable for Quality's conduct, because none of Toney's allegations show that Sempris exercised any control over Quality's marketing activities.

7. *Fourth*, Toney cannot plausibly allege that Provell or Sempris violated the "Do Not Call" registry.  To state a claim for "Do Not Call" violations, Toney must allege facts showing that she received "more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations."  47 U.S.C. § 227(c)(5).  Toney alleges that she received only one telephone call (on December 11, 2012) during which a Sempris membership program purportedly was marketed to her.  Because Toney did not answer the three calls Quality Resource allegedly made to her on December 10, 2012, there is no way for Toney to know whether any of those calls was made for the purpose of a solicitation if she did not answer.  *See Golan v. Veritas Entertainment, LLC*, No. 04-69, 2014 WL 2095310, at *11 (E.D. Mo. 2014) (holding that plaintiffs' privacy rights could not have been "invaded by a message they did not hear, and of which they had no knowledge.").

WHEREFORE, for the foregoing reasons, and for the reasons set forth in their accompanying memorandum of law, Provell and Sempris respectfully request that the Court enter an order dismissing all of Plaintiff Sarah Toney's claims, in their entirety and with prejudice, as any attempt to re-plead would be futile.

Dated: August 21, 2014

Respectfully submitted,

PROVELL, INC.
SEMPRIS, LLC

By:  /s/ Matthew R. Devine
    One of Its Attorneys

Craig C. Martin (6201581)
David Jiménez-Ekman (6210519)
Matthew R. Devine (6282744)
Brienne M. Letourneau (6303812)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350

## CERTIFICATE OF SERVICE

I certify that on August 21, 2014, I filed the foregoing **Provell, Inc. and Sempris, LLC's Motion to Dismiss the Third Amended Class Action Complaint**, and caused a true and correct copy of the foregoing to be served upon all CM/ECF registrants of record in this action using the CM/ECF system.

/s/ Matthew R. Devine