**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

SARAH TONEY on behalf of herself and )
others similarly situated, )
   )
                    Plaintiff, )
   )
    v. )    Case No.  13 C 42
   )
QUALITY RESOURCES, INC., )
SEMPRIS, LLC, d/b/a BUDGET SAVERS )
and PROVELL, INC, f/k/a BUDGET SAVERS, )
   )
                    Defendants. )

**MEMORANDUM ORDER**

Quality Resources, Inc. ("Quality") has filed its Answer and Affirmative Defenses ("ADs") to the Third Amended Complaint ("TAC") brought against it and other defendants by Sarah Toney ("Toney") as a putative class action invoking the Telephone Consumer Protection Act (the "Act"). This memorandum order is issued sua sponte to address some problematic aspects of that responsive pleading.

To begin with, Quality's counsel has repeatedly (see Answer ¶¶8, 9, 11-17, 30, 40, 62-64, 66, 70, 72-75, 78-80, 82-84, 102, 118 and 119[1]) coupled a Fed.R.Civ.P. ("Rule") 8(b)(5) disclaimer with the assertion "and therefore denies same." That is of course oxymoronic -- how can a litigant state that it lacks enough information even to form a <u>belief</u> as to the truth of an allegation, then go on to <u>deny</u> that allegation? That locution flouts the pleader's Rule 11(b)

---

[1] If this Court's scanning of Quality's pleading has missed any similar instances, what is said in the text is intended to apply there as well.

obligation to act in both objective and subjective good faith. Hence the quoted language is stricken from Quality's Answer wherever it appears.

Next, Quality's counsel acts at odds with the fundamental notice-pleading purpose that should govern litigants on both sides of the "v." sign in federal practice -- it does so by engaging in a large set of purported denials (see Answer ¶¶ 19-22, 24, 51, 52, 55, 59, 60, 63-65, 67, 69, 70 and 80) that are really unresponsive to the corresponding allegations of the TAC. All of those Answer paragraphs must be rewritten to <u>admit</u> whatever allegations in those paragraphs are true, even though an Answer paragraph may then continue with appropriate (and not obfuscatory) hedges.

Finally, several of the ADs merit comment. Here they are:

1. Each of ADs 1, 4 and 6 contains the telltale language "to the extent" -- a sure tipoff that at this time Quality has no <u>knowledge</u> of any matter that is the subject of speculation in those ADs. Each of those ADs is stricken, but without prejudice to their possible reassertion if, as and when the future discovery in the case may reveal that the situations referred to there are found to have occurred.

2. AD 2 needs to be fleshed out to state a viable defense, particularly in view of the statutory damages potential created by the Act. That AD is also stricken, and if Quality wishes to reassert it, that must be done in a manner that provides appropriate authority for the position taken in that AD.

3. Finally, the purported "Reservation" that follows the ADs adds nothing to the litigation. It merely recites an entitlement that will operate in Quality's

favor only if the condition specified there arises in the future. For the present that paragraph is also stricken.

Quality's counsel are ordered to file a self-contained Amended Answer curing the flaws identified here on or before January 16, 2015. All other aspects of the case, including the next scheduled status hearing date, remain in effect.

                                                         Milton I. Shadur
                                                         United States District Judge

Dated: January 6, 2015