IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARAH TONEY, on behalf of herself and others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 1:13-cv-42 |
| v. ) ) | |
| QUALITY RESOURCES, INC. and SEMPRIS LLC D/B/A BUDGET SAVERS, ) ) ) ) | Hon. Judge Milton I. Shadur |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND FILE UNDER SEAL**

Plaintiff Sarah Toney submits this motion for to amend her class action complaint for two purposes: (1) at the Court's direction, counsel for the Plaintiff have retained additional plaintiffs to facilitate the settlement of this action with Defendant Sempris LLC d/b/a Budget Savers ("Sempris"); and (2) adding the owner of Quality Resources, Inc. ("Quality"), Cheryl Mercuris, as an individual defendant based on her deposition testimony that reveals that she is individually liable under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). In addition, Plaintiff's counsel were recently advised by counsel for Sempris (not Quality) that, at Ms. Mercuris' direction, defendant Quality recently closed its doors.[1] To be clear, the Plaintiff does *not require any further discovery* on Ms. Mercuris' potential liability, and does not believe that any of the pending dates for trial or discovery need to be impacted by this amendment, as discovery as to Mr. Mercuris' potential liability has been completed. Ms. Mercuris will not

---

[1] It has been reported that she did so without giving any notice to its employees. *See* http://www.abcactionnews.com/news/region-pinellas/quality-resources-shuts-its-doors-forces-employees-out (Last Visited July 26, 2016)

suffer prejudice, as she has directed Quality's defense of the action. Ms. Mercuris answered all interrogatories on behalf of Quality, and was designated as the sole Rule 30(b)(6) witness on behalf of Quality.

Given the confidential designation of some of the information submitted with the proposed amended complaint, Plaintiff also requests leave to file such portions under seal. In further support of this motion, the Plaintiff states as follows:

1. In her Third Amended Complaint, Plaintiff asserts claims against Defendants under the TCPA, alleging (1) violations of the "Do Not Call" registry (Count I); and (2) violations for allegedly using an automatic telephone dialing system to call cellular telephones (Count II). Plaintiff's claims, and those of the putative class, are based on calls made by Quality that were commissioned Sempris.

2. On July 5, 2016, counsel for the Plaintiff notified the Court that they were prepared to present to the Court a proposed partial settlement to resolve the claims of the Plaintiff, and the class, against defendant Sempris. (DE# 241). The Plaintiff's claims against Quality would continue.

3. On July 11, 2016, Quality filed a Motion to Dismiss Plaintiff's claims on the basis that she allegedly did not suffer actual harm due to her receipt of illegal telemarketing calls and, accordingly, did not have standing to pursue a claim against Quality. (DE# 246).

4. On July 12, 2016, all parties appeared before the Court, during which the Court inquired both as to the proposed settlement between Plaintiff and Sempris, and as to Quality's motion to dismiss. A copy of the transcript of this hearing is attached at Exhibit 1.

5. During that hearing, the Court instructed Plaintiff's counsel to contact other class members to serve as a class representative in addition to Plaintiff. The Court explained

that although it expressed no opinion as to the merits of Quality's motion to dismiss (which has yet to be briefed by Plaintiff's counsel), the addition of an additional class representative would help facilitate the settlement of the claims of the Plaintiff against Sempris. *Id.* at 3-4; 6-7.

6. Plaintiff's counsel has retained two individuals prepared to serve as additional class representatives, Molly Roake and Jessica McCool. Their claims are detailed in the proposed Amended Complaint, attached as Exhibit 2.

7. Plaintiff also seeks to amend the complaint to add Ms. Mercuris as an individual defendant. As a result of revelations at her deposition, it is now clear that Ms. Mercuris is personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, *inter alia*,

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person*.

47 U.S.C. § 217 (emphasis added).

8. When considering individual officer liability, other courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable. *See, e.g., Ott v. Mortg. Investors Corp. of Ohio*, 65 F. Supp. 3d 1046, 1060 (D. Or. 2014); *Sandusky Wellness Ctr., LLC v. Wagner Wellness, Inc.*, No. 12- 2257, 2014 WL 1333472, at *3 (N.D. Ohio Mar. 28, 2014); *Van Sweden Jewelers, Inc. v. 101 VT, Inc.*, No. 10-253, 2012 WL 4074620, at *8 (W.D. Mich. June 21, 2012) ("[C]ourts that have addressed the personal-liability issue have concluded that individuals acting on behalf of a corporation may be held personally liable for violations of the TCPA where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'") (quoting *Texas v. Am. Blastfax*, 164 F. Supp. 2d 892, 898

(W.D. Tex. 2001)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

9. On July 8, 2015 the Plaintiff conducted a Fed.R.Civ.P. 30(b)(6) deposition of Quality Resources, Inc.

10. Ms. Mercuris, the sole owner of Quality, was the only designee for the following deposition topics:

- Facts related to Quality's methodology practices and procedures for making telemarketing calls including but not limited to how Quality selects or has selected telephone numbers for telephone calls during which the Budget Savers membership program is or was marketed.

- How Quality dials or dialed telephone numbers during which the Budget Savers membership program is or was marketed.

- How Quality ensured or ensures compliance with the Telemarketing Program Sales Agreement as to Budget Savers telephone calls

- How Quality ensures or ensured compliance for its telemarketing of Sempris and/or Provell programs with legal requirements including but not limited to state and federal statutes and regulations governing telemarketing such as the Telephone Consumer Protection Act of 1991 as to Budget Savers.

11. A copy of this transcript is attached as <u>Exhibit 3</u>. In that deposition, Ms. Mercuris stated:

- She has been in the Call Center business since 1992. *Id.* at 9:5-7.
- She began using the dialing equipment that is at issue in this case prior to the proposed class period. *Id.* at 70:9-13.
- As the Chief Executive Officer of Quality, she was responsible for Quality's day-to-day operations. *Id.* at 124: 8-11.
- As the Chief Executive Officer of Quality, Ms. Mercuris was responsible for "the policies, practices and procedures." *Id.* at 124: 12-15.
- She engaged in the negotiations that led to the contract with Sempris that is the nexus of the calls that occurred in this case. *Id.* at 9:15-22.
- She was personally involved in renegotiating the contract that placed Sempris as the primary product offered on each call made. *Id.* at 26:15-23.

4

- She obtained the phone numbers that were called through her partnership with a third party company. *Id.* at 15:17-21.
- She had direct conversations with Sempris informing them of Quality's use of an automatic telephone dialing system to make the calls at issue. *Id.* at 20:8-10.
- The automatic telephone dialing system her company used was run in predictive mode until 2013, when she made a change to how numbers were dialed. *Id.* at 62:19-25.
- She worked with her attorney and Sempris to change the contract with Sempris to make clear that they did not have to remove telephone numbers that were on the National Do Not Call List prior to making the calls at issue. *Id.* at 33-34:22-9.
- She had subsequent conversations with Sempris about the reasons that Quality would not be removing telephone numbers that were on the National Do Not Call List prior to making the calls at issue. *Id.* at 45-6:24-2.
- She reviewed the privacy policies on the websites for her partnership with a third party company that provided the telephone numbers here. *Id.* at 34-5:21-5.
- She worked on adjusting the scripts that were received from Sempris and used for the telemarketing at issue in this case. *Id.* at 73:3-9.
- She handled all "elevated" complaints relating to telemarketing compliance. *Id.* at 56:10-17.

Ms. Mercuris' personal involvement occurred at almost every step of this telemarketing process: including working on the contracts that commissioned the calls at issue and telling Sempris that Quality would not be removing numbers that were on the National Do Not Call List, acquiring the phone numbers that were dialed, the equipment used to dial those numbers, what was said to the phone numbers that were dialed, and how to handle any individual with an issue about being called through an "escalated" complaint. Ms. Mercuris testified that Quality does not have a Board of Directors and she does not report to anybody. *Id.* 124: 1-7. Simply put, without Ms. Mercuris' approval and direction, none of the calling at issue in this case would have happened.

12. Fed.R.Civ.P. 20(a)(2) provides:

Persons … may be joined in one action as defendants if:
 (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

5

    (B) any question of law or fact common to all defendants will arise in the action.

  13. Plaintiff alleges that Cheryl Mercuris directed that calls be placed to Plaintiff's cellular telephone line, without her prior express consent, and that the actions from Ms. Mercuris arise from the same occurrence that forms the basis for the original complaint, and encompass the same following questions of law and fact common between Ms. Mercuris and her business Quality, the current defendant:

   i. Whether Quality, at the direction of Cheryl Mercuris, engaged in a pattern of calling telephone numbers that were on the National Do Not Call Registry.
   ii. Whether Quality, at the direction of Cheryl Mercuris, engaged in a pattern of calling telephone numbers that were on the National Do Not Call Registry without obtaining the recipients' prior written consent for the call as required by law;
   iii. Whether the Plaintiff and the putative class members are entitled to statutory damages as a result of Quality's actions at the direction of Cheryl Mercuris.

  14. As noted above, Ms. Mercuris has directed the defense of the action throughout, and accordingly will not suffer prejudice by being added as a defendant. Without amendment, however, the proposed class could suffer significant irreparable prejudice in having to pursue a possibly defunct defendant. From press reports, it seems clear that Ms. Mercuris has built significant personal wealth in operating Quality, but the business has been closed and its employees let go. *See* The Real Deal: New York City Real Estate News, *Direct Marketing Guru Slashes Ask on Time Warner Center Penthouse* (June 26, 2014) (noting price drop on Ms. Mercuris' NYC apartment to $35 million) (available at http://therealdeal.com/2014/06/26/direct-marketing-guru-chops-ask-of-time-warner-center-ph-to-35m/), attached as Exhibit 4; Grigg, Nicole, *Quality Resources Shuts Its Doors, Forces Employees Out* (ABC Action News May 18,

2016) (available at http://www.abcactionnews.com/news/region-pinellas/quality-resources-shuts-its-doors-forces-employees-out), attached as Exhibit 5.

15. Additionally, because documents from which allegations in the proposed Fourth Amended Class Action Complaint are derived were designated by Defendants as confidential, Plaintiff requests that the Court permit her to file it under seal. Alternatively, if the Court finds that the information in the Fourth Amended Class Action Complaint does not deserve confidential treatment, it is certainly within the Court's discretion to deny this request and order that the document be filed in the public domain. In any event, the protective order specifies that materials that have been designated as confidential shall not be publically filed (ECF No. 55 ¶ 9); thus, Plaintiff is obliged to include such request in this motion.

WHEREFORE, the Plaintiff requests that she be permitted to file the Amended Complaint that is attached as Exhibit 2, and that she be granted leave to file it under seal.

Dated: July 26, 2016                             SARAH TONEY, on behalf of
                                                 herself and others similarly situated


                                                 By: /s/ Alexander H. Burke


Alexander H. Burke
Daniel J. Marovitch
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
Facsimile: (312) 729-5289
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

Anthony I. Paronich (admitted *pro hac vice*)
Edward A. Broderick (admitted *pro hac vice*)
BRODERICK & PARONICH, P.C.

99 High St., Suite 304
Boston, MA 02110
Telephone: (508) 221-1510
ted@broderick-law.com
anthony@broderick-law.com

Matthew P. McCue (admitted *pro hac vice*)
LAW OFFICE OF MATTHEW P. MCCUE
1 South Ave., 3rd Floor
Natick, MA 07160
Telephone: (508) 655-1415
Facsimile: (508) 319-3077
mmccue@massattorneys.net

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2016, a copy of the foregoing document was filed electronically. Notice of this filing will be sent be e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing.

                                                                                           */s/ Alexander H. Burke*