IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARAH TONEY, on behalf of herself and others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>QUALITY RESOURCES, INC., et al., )<br>)<br>Defendants. ) | Case No. 13 C 42 |

## MEMORANDUM OPINION AND ORDER

This Court is regrettably unable to return to its chambers to carry on the normal conduct of its judicial responsibilities in the ordinary course because it has very recently undergone major surgery and is in the process of post-operative rehabilitation. It has nonetheless continued to monitor the inflow of filings in cases on its calendar, and that has disclosed two very recent filings in this case:

1. "Plaintiff's Motion To Compel Defendants Quality Resources, Inc. and Cheryl Mercuris To Provide Complete Discovery Responses" (Dkt. No. 353) filed by plaintiff Sarah Toney ("Toney").

2. "Defendant's Motion For Sanctions and Incorporated Memorandum of Law" (Dkt. No. 354) filed by codefendant Cheryl Mercuris ("Mercuris").

Toney's clearly meritorious motion is granted without the further delay that would be created if Mercuris were provided with a date to respond -- an alternative that would continue the prior stalling by Mercuris that is referred to in Toney's motion and that is further exemplified by Mercuris' own current motion. This opinion turns, then to the Mercuris motion.

Mercuris' motion for sanctions is ironic, for it proceeds from a substantively warped perception of Toney's real effort to advance her claim against Mercuris individually. On that score look at what Mercuris' motion says in her page 1 <u>Introduction</u> section:

> The legal contentions set forth in Counts III and V against the Defendant are not warranted by existing law and the factual contentions upon which the foregoing is premised lack evidentiary support. Sanctions are appropriate as a result.

But in those terms Mercuris' counsel have lashed out with a motion for sanctions against Toney instead of first looking inward, as they should, at the acknowledged conduct of their own client that has created the prospect of recovery by Toney and her potential class member plaintiffs in this action. Mercuris' counsel have thus turned a blind eye to the prospect of personal liability on Mercuris' part based on her conduct, as the sole stockholder, chief executive officer and total controller of the activities of Quality Resources, Inc. ("Quality"), in causing it to engage in concert with former codefendant Sempris, LLC ("Sempris") in actions that have more than a substantial likelihood of constituting a violation of the Telephone Consumer Protection Act.[1] Indeed, counsel's recital at pages 2 and 3 of Mercuris' current motion, with its drumbeat repetition of italicizing "Quality" in its narrative, plainly states the predicate for Mercuris' potential individual liability to Toney in equitable terms often expressed by the labels "alter ego" or "piercing the corporate veil."[2]

---

[1] It is noteworthy that Sempris, confronted with the allegations in the Complaint and the discovery that confirmed those allegations, has chosen to settle the class claim against it for $2,125,000 -- a class claim that is based on its course of action conjoined with Quality (and, under the analysis in this opinion, potentially extended to Mercuris individually).

[2] As the text's reference to "<u>potential</u> individual liability" reflects, this opinion is not a ruling on the merits of the case, which of course must await the completion of discovery and the outcome of the ensuing trial or ultimate summary judgment.

In that respect it is clear that Mercuris' counsel have not read -- or if they have read, have forgotten -- the fundamental principle taught by NAACP v. Am. Family Mut. Ins. Co., 978 F. 2d 287, 292 (7th Cir. 1992) and Bartholet v. Reishauer A.G.(Zurich), 953 F.2d 1073 (7th Cir. 1992) and repeated by our Court of Appeals in its jurisprudence ever since (most frequently by citing to the shorter treatment of that principle in Bartholet, even though the more expansive discussion by Judge Easterbrook in NAACP is particularly worth reading and heeding). In brief, the key to evaluating a plaintiff's pleading in federal terms is whether it states a "claim for relief" rather than the state law concept of a "cause of action" that necessitates the identification of a theory of recovery.

As those Seventh Circuit cases teach, it is not a matter of whether a plaintiff has identified a right or wrong theory of recovery or, indeed, any theory of recovery at all. Instead the proper analysis turns on whether a plaintiff has advanced a claim that meets the "plausibility" requirement called for by what this Court often refers to in shorthand terms as the "Twombly-Iqbal canon." And properly read when the allegations that needlessly specify theories of recovery are ignored, Toney's allegations clearly meet that standard.[3]

_____
[3] Although this does not alter the conclusion reached in this opinion, it may be noted that Toney's counsel has contributed to the need for this opinion's extended analysis by engaging in the too-frequently-encountered practice of carving their federal claim for relief into multiple counts that, as in the state court "cause of action" practice, set out different theories of recovery, despite the fact that Fed. R. Civ. P. 10(b) (the section that expressly defines the use and scope of counts in federal practice) does not provide for such usage. Indeed, it has been the frequent miguided drafting of complaints in that fashion that has occasioned misguided motions such as Mercuris' submission here, leading to the rejection of those motions by opinions such as those in NAACP and Bartholet and their progeny. But in that regard a few words may be added about Mercuris' attack on the Complaint on the ground that the Florida statutes relied on by Toney apply only to dissolved corporations, while Quality has not been dissolved. True enough, but Quality has been stripped of all assets when Mercuris shut it down and terminated all of its employees without notice, leaving an empty and inactive shell in place. Hence the challenged
(continued)

**Conclusion**

In short, the plain prospect that Toney's claim for relief (and not the inappropriate "causes of action" as now framed in separate counts of the Complaint), based on the substantive allegations in the Complaint that readily qualify in terms of plausibility in Twombly-Iqbal terms, may result in the imposition of individual liability on the part of Mercuris, requires the rejection of her motion for sanctions (Dkt. No. 354). That motion is denied, and this action will proceed in the regular course.

Milton I. Shadur
Senior United States District Judge

Date: July 5, 2017

---

(footnote continued)
counts may stay in place until it is determined whether or not the Florida courts have recognized de facto corporate dissolutions in that context.

- 4 -